NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2024 CA 0214

JOHN DOE

VERSUS

THE LOUISIANA BOARD OF ETHICS

*DATE OF JUDGMENT:*    DEC 2 0 2024

ON APPEAL FROM THE NINETEENTH JUDICIAL DISTRICT COURT
PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA
NUMBER C734769, SECTION 30

HONORABLE TARVALD A. SMITH, JUDGE

* * * * * *

R. Gray Sexton
Alesia M. Ardoin
Baton Rouge, Louisiana

David M. Bordelon
Kathleen M. Allen
Tracy M. Barker
Mallory A. Guillot
Baton Rouge, Louisiana

Counsel for Plaintiff-Appellee
John Doe

Counsel for Defendant-Appellant
Louisiana Board of Ethics

* * * * * *

BEFORE: THERIOT, CHUTZ, AND HESTER, JJ.

Hester, J. concurs

**CHUTZ, J.**

The Louisiana Board of Ethics (BOE) appeals the district court's judgment, granting a preliminary injunction in favor of plaintiff, John Doe, enjoining the BOE from: (a) investigating Doe for alleged violations of the Louisiana Code of Governmental of Ethics (the Ethics Code), arising out of his relationship with a 501(c)(3) non-profit organization (the non-profit); and (b) filing charges or otherwise taking any enforcement, disciplinary, or punitive action against Doe arising from his relationship with the non-profit.[1] We vacate and remand.

## BACKGROUND

In September 2022, Doe entered into a contractual relationship with the non-profit to enable the non-profit to provide voluntary assistance to a department of a municipality. According to the terms of the contract between Doe and the non-profit, Doe was contractually obligated to report to the municipality's department head to provide recommendations which, if enacted by the department head, would support specific strategic goals related to the department. Doe was also required by the contract to train an individual chosen by the department head and the chief executive to work in a newly-created position.

In late 2022, Doe received a certified letter from the BOE advising that the BOE had instructed its staff to conduct a confidential investigation based on information suggesting that Doe had violated provisions of the Ethics Code.[2] The letter stated that the purpose of the investigation was to provide the BOE with information to help it determine "whether it should proceed further with this

---

[1] The trial court signed an order sealing the record. To maintain the parties' privacy, we do not use any identifiable information in our disposition of the matters raised in this appeal. See La. R.S. 42:1141.4(K) & (L), recognizing the confidential and privileged nature of the subject matter.

[2] An initial notice sent in November failed to comply with the mandated time constraints required to commence an investigation. On December 6, 2022, a second notice was sent, advising Doe that the BOE investigation would commence within the statutorily-required time. See La. R.S. 42:1141(C)(1).

2

matter." A certified copy of the BOE vote included with the letter advised Doe that, as an employee of the municipality, Doe may have violated the Ethics Code when he accepted compensation from the non-profit.

On July 20, 2023, Doe filed a petition for declaratory and injunctive relief in the district court, averring that this case presents, in part, issues of the BOE's interpretation and application of the Ethics Code as well as constitutional challenges to the manner in which the BOE interprets and applies provisions of the Ethics Code. According to the allegations of his petition, Doe had been under investigation "almost a full year," but the BOE had yet to determine whether it had jurisdiction over him.

Doe asserted that because he was not providing the BOE with the additional documents it was requesting, he believed that "unconstitutionally invalid charges" would be filed against him. Doe maintained that the public filing of ethics-related charges would cause immediate and irreparable harm to both him and the non-profit which could never be fully repaired, causing damage to his reputation and limiting his ability to enter into future contracts.

Doe cited to *Louisiana Bd. of Ethics in re Fontenot*, 2014-0337 (La. App. 1st Cir. 12/30/14), 2014 WL 7455199 (unpublished), in which this court affirmed the Ethics Adjudicatory Board's (EAB) determination that plaintiffs were not public employees subject to the Ethics Code. Maintaining that he was similarly situated to those individuals and pointing to the importance of an individual's right to be free from unreasonable intrusion into his seclusion, solitude, or private affairs, Doe averred the BOE's current investigation of him violated the equal protection and due process laws of the U.S. and Louisiana constitutions. Doe

further alleged that the definition of public employee was unconstitutional in its application.[3]

Doe sought a judgment declaring that: the BOE's definition of public employee was unconstitutionally vague and overly broad as applied to him; he is a private person who is not subject to the Ethics Code; and the BOE did not have jurisdiction over him. In addition, Doe sought injunctive relief, including a temporary restraining order and preliminary and permanent injunctions. The BOE responded to Doe's petition by filing various exceptions.[4]

On October 16, 2023, a hearing was held on Doe's entitlement to a preliminary injunction at which testimonial and documentary evidence was adduced. The district court ruled from the bench, granting the preliminary injunction to Doe. On November 14, 2023, the district court signed a judgment, enjoining the BOE from investigating Doe for alleged violations arising out of his contractual relationship with the non-profit; and prohibiting the BOE from filing charges or taking any enforcement, disciplinary, or punitive action against Doe arising out of his contractual relationship with the non-profit. The BOE appeals.

## DISCUSSION

Generally, a party seeking the issuance of a preliminary injunction must show that he will suffer irreparable injury if the injunction does not issue and must

---

[3] Doe averred that although he had submitted to the BOE a motion to dismiss the investigation for lack of jurisdiction on the basis that he was not a public employee and has not engaged in a governmental function, the motion was not granted. Specifically, Doe alleged that on July 6, 2023, an attorney for the BOE informed Doe's attorney that Doe's motion to dismiss was not granted. The record is devoid of any ruling or order issued by the BOE, or a written motion appealing the ruling filed within 30 days after the signing and transmission of the notice of the order. Thus, Doe has not sought appellate review of that determination. See La. R.S. 42:1142(A)(1)(a).

[4] The BOE filed a declinatory exception, raising the objection of the lack of the district court's subject matter jurisdiction, a dilatory exception of prematurity on the basis of failure to exhaust administrative remedies, and a peremptory exception of no cause of action since Doe's challenge presumed the BOE lacked jurisdiction to determine whether he is a public employee, all of which the district court denied. The BOE sought a supervisory writ for review of the district court's rulings, but this court did not consider the writ due to untimeliness. See *Doe v. Louisiana Bd. of Ethics*, 2024-0333 (La. 1st Cir. 7/16/2024) (unpublished writ action).

4

show entitlement to the relief sought; this must be done by a prima facie showing that the party will prevail on the merits of the case. *June Med. Servs., LLC v. Landry*, 2022-1042 (La. App. 1st Cir. 8/16/23), 375 So.3d 456, 460.

The issuance of a preliminary injunction addresses itself to the sound discretion of the district court and will not be disturbed on review unless a clear abuse of discretion has been shown. Nevertheless, if a district court's decision was based on an erroneous application of law rather than a valid exercise of discretion, such an incorrect decision is not entitled to deference. *Id.*

An administrative agency or board has only the power and authority expressly granted by the constitution or statutes. Hearings and determinations by administrative agencies and boards are often described as quasi-judicial, for, like the courts, these bodies adjudicate important rights. However, while the adjudicative and fact-finding powers exercised by these agencies and boards mimic those exercised by courts, the agencies are not authorized to exercise "judicial power" under La. Const. Art. V, § 1.2 Provisions of the Louisiana Constitution granting quasi-judicial authority to administrative agencies and boards are exceptions to the general rule that district courts have jurisdiction over all civil matters, and, as such, are narrowly construed. *Gregory S. Fontenot and Fbac, LLC (f/k/a Fontenot & Associates, LLC) v. [The] Louisiana Board of Ethics*, 2012-0034 (La. App. 1st Cir. 4/10/2013), 2013 WL 11130576, at *-- (unpublished opinion) (citing *In re Arnold*, 2007-2342 (La. App. 1st Cir. 5/23/08), 991 So.2d 531, 535-36).

The Louisiana Constitution provides, in Article X, Section 21, as follows:

> The legislature shall enact a code of ethics for all officials and employees of the state and its political subdivisions. The code shall be administered by one or more boards created by the legislature with qualifications, terms of office, duties, and powers provided by law. Decisions of a board shall be appealable, and the legislature shall provide the method of appeal.

Pursuant to the authority of La. Const. Art. X, § 21, the legislature enacted a Code of Governmental Ethics, La. R.S. 42:1101 et seq., which provided for the creation of the BOE in La. R.S. 42:1132. A determination of the application or interpretation of the Ethics Code is within the grant of exclusive jurisdiction of certain subject matter to the BOE (as long as a constitutional challenge to a provision of the Code of Governmental Ethics is not involved), which thereby results in the subtraction of those matters from the district court's jurisdiction. *In re Arnold*, 991 So.2d at 537 (citing *Duplantis v. Louisiana Board of Ethics*, 2000-1750 (La. 3/23/01), 782 So.2d 582, 592).

The BOE is charged with enforcing the Ethics Code and establishing procedures to be followed; all proceedings of the BOE are subject to and in accordance with the provisions of the Administrative Procedure Act. *In re Arnold*, 991 So.2d at 536. As stated in La. R.S. 42:1101(B), the purpose of the Ethics Code is to further the public interest by ensuring that the law protects against conflicts of interest on the part of Louisiana's public officials and state employees by establishing ethical standards to regulate the conduct of those persons. To this end, the eleven-member BOE is given the authority in La. R.S. 42:1134 to investigate and pursue formal charges through either public or private hearings against an individual or entity for alleged violations of the Ethics Code. A determination that the accused has violated a provision of law within the jurisdiction of the BOE must be based on competent evidence presented at a duly noticed public hearing, conducted by the EAB. See La. R.S. 42:1141.2. Upon finding a violation of the Ethics Code, the BOE has the authority to impose various penalties on the responsible party. *Gregory S. Fontenot and Fbac, LLC (f/k/a Fontenot & Associates, LLC)*, 2013 WL 11130576, at *-- (citing *In re Arnold*, 991 So.2d at 536).

In the certificate of vote and explanation provided to Doe in late 2022, Doe was apprised that the BOE was conducting a confidential investigation into whether he may have violated La. R.S. 42:1111(A)(1)(a), which states, "No public servant shall receive anything of economic value, other than compensation and benefits from the governmental entity to which he is duly entitled, for the performance of the duties and responsibilities of his office or position." Additionally, La. R.S. 42:1102 provides in relevant part:

(18)(a) "Public employee" means anyone, whether compensated or not, who is:

(i) An administrative officer or official of a governmental entity who is not filling an elective office.

(ii) Appointed by any elected official when acting in an official capacity, and the appointment is to a post or position wherein the appointee is to serve the governmental entity or an agency thereof, either as a member of an agency, or as an employee thereof.

(iii) Engaged in the performance of a governmental function.

(iv) Under the supervision or authority of an elected official or another employee of the governmental entity. ...

(19) "Public servant" means a public employee or an elected official.

To establish a prima facie showing that he will prevail on the merits of his case, Doe must establish that he is not a public employee. But the issue of whether, based on the facts of this case, a party under investigation can be considered either a "public employee" or "public servant" for purposes of La. R.S. 42:1111(A)(1)(a) involves the interpretation and application of the provisions of the Ethics Code for which the BOE alone has jurisdiction as an initial matter to determine. See *Duplantis v. Louisiana Board of Ethics*, 2000-1750 (La. 3/23/01), 782 So.2d 582, 592.[5]

---

[5] To contest the exercise of the BOE's jurisdiction, an objection to the BOE's jurisdiction, pursuant to La. C.C.P. art. 925, is properly raised before the BOE. See *Gregory S. Fontenot and Fbac, LLC (f/k/a Fontenot & Associates, LLC)*, 2013 WL 11130576, at *-- n.5 (unpublished opinion).

Since in the present procedural posture, Doe is unable to establish in the district court that he is a private person over whom the BOE has no jurisdiction, regardless of whether he has demonstrated that he will suffer irreparable injury by the BOE's continued investigation of him, he is unable to show he will prevail on the merits of his claim. Thus, the district court, having erroneously applied the law, incorrectly granted the preliminary injunction on this basis.[6]

As to Doe's claims asserting the unconstitutionality of the Ethics Code, we conclude that these claims are insufficient to support the grant of a preliminary injunction at this time. Courts of this state have long adhered to the principle that constitutional questions should be avoided when a case can be disposed of on non-constitutional grounds. Constitutional issues should only be addressed when the resolution of such issues is necessary to decide the case. Before reaching constitutional issues, a court should first determine whether the case may be

---

[6] While the district court may not have been manifestly erroneous in finding that Doe proved that any public exposure of charges that the BOE may file against would cause him irreparable injury, see e.g., *Guidry v. Guidry*, 2019-0534 (La. App. 1st Cir. 9/26/19), 2019 WL 7177093, at *10, writ denied, 2020-00141 (La. 2/26/20), 347 So.3d 878, our appreciation of the present enactment of the Ethics Code suggests that it was error to issue the preliminary injunction. According to the procedure outlined in the Ethics Code, the BOE may, by a two-thirds majority vote of its membership, consider any matter which it has reason to believe may be a violation of the Ethics Code. La. R.S. 42:1141(B)(1)(a). Upon voting to consider the matter, a private investigation is mandated, allowing the BOE to elicit evidence so that it can determine whether a public hearing should be conducted or that a violation has not occurred. La. R.S. 42:1141(C)(1). After the investigation has been completed, the BOE is required to determine whether a public hearing should be conducted. If a violation has not occurred, the target of the investigation is notified within ten days of that ruling. La. R.S. 42:1141(C)(2). But if the BOE determines that a public hearing should be conducted, the BOE is required to issue charges. La. R.S. 42:1141(C)(3)(a).

Despite the quasi-criminal nature of Ethics Code violations proceedings, in the present iteration, there is no opportunity for a probable-cause-like evaluation of the propriety of the BOE's determination by the district courts before the confidential and privileged nature of the investigatory stage of the proceedings transitions into the public arena. Complicating the concern is that the BOE has one year from the date it voted to consider the matter before the matter can be dismissed on the basis of prescription. And the filing of a lawsuit, like this one that Doe has filed, or resisting the BOE's request for production of information, like Doe has done, suspends the accrual of the one-year prescriptive period. See La. R.S. 42:1141(C)(3)(c). Mindful that Doe did not appeal the BOE's denial of his motion to dismiss on the basis of subject matter jurisdiction, see n.3 supra, and the confidential and privileged nature of the investigatory stage of the proceeding statutorily preclude a showing of the BOE's evidence, as an intermediate court, we would be remiss to overlook the framework duly enacted by the legislature to allow the remedy that Doe seeks in an effort to avoid impugnment of his reputation. Thus, despite any showing of irreparable harm Doe may have made, the district court's issuance of the preliminary injunction on this basis is not supported by the present version of the Ethics Code.

disposed of on non-constitutional grounds. See *M.J. Farms, Ltd. v. Exxon Mobil Corp.*, 2007-2371 (La. 7/1/08), 998 So.2d 16, 25. Thus, to the extent the district court reached the issue of constitutionality prior to a determination by the BOE of whether the dispute could be resolved on non-constitutional grounds, it erred. See *Edwards v. Louisiana State Legislature*, 2020-1407 (La. 12/21/20), 315 So.3d 213, 214 (per curiam). See also *Gregory S. Fontenot and Fbac, LLC (f/k/a Fontenot & Associates, LLC) v. [The] Louisiana Board of Ethics*, 2012-0034 (La. App. 1st Cir. 4/10/2013), 2013 WL 11130576, at *-- (unpublished opinion) (reversing the district court's judgment, sustaining a lack of subject matter jurisdiction objection as to constitutional challenges of the application of provisions of the Ethics Code to alleged public employees and remanding with instructions that the constitutional challenges be held in abeyance in district court until after resolution of the case on non-constitutional grounds before the BOE). As such, the district court's issuance of the preliminary injunction is not supported on this basis.

Doe has failed to show he can prevail on the merits of his claim. And the constitutionality issues are not properly before the district court until resolution of the non-constitutional issues by the BOE. Accordingly, the district court erred when it issued the preliminary injunction.

## DECREE

For these reasons, the district court's issuance of the preliminary injunction, enjoining the BOE's investigation of Doe and prohibiting the BOE from filing of charges against Doe arising out of his relationship with the non-profit, is vacated. The matter is remanded to the district court with instructions to hold further proceedings in abeyance as stated herein. Appeal costs are assessed against plaintiff, John Doe.

**VACATED AND REMANDED WITH INSTRUCTIONS.**